# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| KIMBERLY JOI BAKER | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-19-253-SM |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Kimberly Joi Baker (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Docs. 12, 16.

Plaintiff maintains the ALJ erred in failing to discuss evidence that conflicted with his findings and that substantial evidence does not support his residual functional capacity (RFC) [1] assessment. Doc. 23, at 8-15. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the court affirms the Commissioner's decision. *See* 42 U.S.C. § 405(g). [2]

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[2] Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the AR will refer to its original pagination.

I.   **Administrative determination.**

   A.   **Disability standard.**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just h[er] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

   B.   **Burden of proof.**

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff makes that prima facie showing, the burden of proof then shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Id.*

**C. Relevant findings.**

**1. Administrative Law Judge's findings.**

The ALJ assigned to Plaintiff's case applied the standard regulatory analysis to decide whether Plaintiff was disabled during the relevant timeframe. AR 17-29; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step process). The ALJ found Plaintiff:

(1) had not engaged in substantial gainful activity since November 25, 2015, the alleged onset date;

(2) had the severe impairments of obesity, degenerative disc disease left shoulder disorder, major depressive disorder, and borderline personality disorder;

(3) had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4) had the RFC to perform medium work (lifting and carrying fifty pounds occasionally and twenty-five pounds frequently; she can sit, stand, and walk for about six hours in an eight-hour workday), with the following additional limitations: she can occasionally reach overhead with her left upper extremity; she can understand, remember and carry out simple, routine, and repetitive tasks; she can relate to supervisors and co-workers on a superficial work basis; she can have no contact with the general public; and she can adapt to a work situation;

(5) she could perform no past relevant work;

(6) could perform jobs that exist in significant numbers in the national economy, namely janitor, industrial cleaner, and meat trimmer; and so

(7) was not disabled from November 25, 2015 through February 27, 2018

AR 19-29.

### 2. Appeals Council's findings.

The SSA's Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-5; *see* 20 C.F.R. § 422.210(a).

## II. Judicial review of the Commissioner's final decision.

### A. Review standard.

The court reviews the Commissioner's final decision to determine "whether substantial evidence supports the factual findings and whether the ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084; *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotation marks and citation omitted). A decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

4

**B. Issues for judicial review.**

**1. The ALJ adequately considered the medical evidence.**

**a. Consideration of Plaintiff's nonexertional limitations.**

Plaintiff contends "[t]he ALJ committed reversible legal error by failing to discuss uncontroverted and/or significantly probative evidence that conflicted with his findings." Doc. 23, at 8. First Plaintiff points to evidence of nonexertional limitations:

- Failure to discuss state agency interviewer's statements Plaintiff had memory problems and emotional distress and that she had difficulty understanding, concentrating, and answering questions;

- her reported estrangement from her family;

- she reported a lack of close friends and social isolation;

- she had conflicts with medical staff;

- she displayed an anxious, labile, tearful, depressed, irritable, inattentive and/or angry mood, affect, or presentation in the year before and during the relevant time period; and

- her employment termination because of her attitude and rudeness and her other lack of success attaining a job.

*Id.* at 9-10.

The ALJ found Plaintiff had a moderate limitation in her ability to understand, remember, and apply information; in interacting with others; and in concentrating, persisting, or maintaining pace. AR 21. And, he found she had a mild limitation in adapting or managing oneself. *Id.* The ALJ discounted Plaintiff's credibility regarding the intensity, persistent, or limiting effects of her symptoms. *Id.* at 26. The ALJ gave great weight to the state agency mental health physicians, but included greater nonexertional and physical restrictions than those they recommended based on his review of the evidence.

As to the state agency interviewer's notes Plaintiff had memory problems and emotional distress and that she had difficulty understanding, concentrating, and answering questions, the Commissioner first notes she was not a physician or from the Department of Veteran's Affairs. Doc. 29, at 10. But this fails to recognize that an ALJ must "consider any observations about the individual recorded by [SSA] employees during interviews, whether in person or by telephone." SSR 96-7p, 1996 WL 374186, at *5 (July 2, 1996); *Parker v. Comm'r of Soc. Sec. Admin.*, 2017 WL 7688083, at *6 (W.D. Okla. Dec. 11, 2017) (Commissioner argued the ALJ is "required" to consider such evidence), *adopted,* 2018 WL 837605 (W.D. Okla. Feb. 12, 2018); *see* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (The agency "will consider all of the evidence presented, including . . . observations by our employees.").

The Commissioner may not simply ignore his own regulations and rulings. Even so, he is correct to argue that the ALJ need not discuss evidence if it is neither significantly probative nor inconsistent with the RFC. The record must show that the ALJ considered all of the evidence, but the ALJ need not discuss every piece of evidence. Rather, in addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely on, as well as significantly probative evidence he rejects. *Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996).

As the Court outlined above, other record evidence controverts, at least to some extent, the SSA employee's opinion, and that reason might justify a failure to discuss it. The ALJ found a moderate limitation in Plaintiff's ability to understand, remember, and apply information and limited her to simple, routine, and repetitive tasks and limited her contact with supervisors and the public. AR 21, 23. The Court agrees the RFC incorporated limitations addressing the difficulties the SSA employee noted. So, any error in this regard in harmless.

Next, the ALJ acknowledged some of Plaintiff's reported anger and interpersonal relationship struggles. *Id.* at 23, 24. He recognized her long-reported history of depression. *Id.* at 26. He acknowledged "she has extreme outbursts" casting insults and becoming upset. *Id.* at 24. While Plaintiff is correct that she made "numerous references" to being estranged from her

7

family and lacking friends, the ALJ discounted her credibility. *Id.* at 23, 26. And in doing so, he looked to her activities of daily living, her treatment history and improvement with medication. *Id.* at 25. And he gave great weight to the state agency mental health physicians, who assessed no more than moderate difficulties. *Id.* at 24, 26.

Similarly, Plaintiff challenges the ALJ's statement she gets along well with medical providers and staff, pointing to his statement only three pages later that she insulted an employee when a call-in order was not ready and that she reported she was asked to leave a psychiatric examination. *Id.* at 21, 24. As to the second event, according to the medical record, in August 2015 (before the alleged onset date), Plaintiff became furious when her consultative examination appointment ran late, spitting into an employee's face, making threats, and using expletives. *Id.* at 519. When the facility asked her to leave, she continued cussing in front of children and others in the waiting room. *Id.* The office notes reflect Plaintiff was not welcome back "under any circumstances." *Id.*

Again, the ALJ may have erred, but any error was harmless—this incident was not so probative to trigger the ALJ's duty to further discuss such evidence. And Plaintiff fails to establish the relevance or how the ALJ's RFC assessment failed to take into consideration this evidence. *Cf. Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1173 (10th Cir. 2012) (holding that, where plaintiff

8

did not "allege[] any adverse effect on her ability to work [due to] discontinuance" of medication, ALJ's failure to mention side effect of discontinued medication was harmless).

The ALJ considered the "entire" record, which encompassed extensive medical records from April 2013 through October 2017. AR 23, 351-867. He noted her emotional outbursts and included a restriction on interaction with the general public (none) and only superficial contact with co-workers and supervisors. *Id.* at 23.

### b. Consideration of Plaintiff's physical limitations.

As to her physical limitations, Plaintiff points to:

- Findings of moderate thoracolumbar scoliosis accompanied by grade 1 spondylolisthesis;
- mild canal space and neuroforaminal narrowing;
- mild to moderately severe facet degenerative changes;
- her possession of a disability parking permit;
- findings from consultative examiner Dr. Raymond Azadgoli; and
- left shoulder MRI results and what those showed.

Doc. 23, at 10-11. She argues that because "the ALJ failed to discuss, or at least reconcile" the above evidence with his findings, he erred. *Id.* at 11.

The ALJ's decision shows the ALJ considered most if not all the above evidence, even if he did not mention the specified parts of those reports

Plaintiff identifies. AR 24-25. The ALJ's findings do not specifically identify the September 2017 MRI findings, but they do note she had some improvement with physical therapy but later reported the therapy was not helping. *Id.* at 25. The ALJ mentioned Plaintiff intended to seek an injection from a surgeon and discontinued physical therapy. *Id.* As the Commissioner notes, he also included an overhead reaching restriction to accommodate Plaintiff's reported shoulder pain. Doc. 29, at 12 (citing AR 26). As noted, the ALJ considered the entire record, and Plaintiff cannot point to any opinion evidence that suggests limitations greater than those imposed by the ALJ.

Regarding the notation Plaintiff would receive a disabled parking permit, *see* Doc. 23, at 12; AR 663, such evidence is not significantly probative, so the ALJ did not err in not mentioning it specifically. The Court finds this argument unpersuasive for the reasons set forth in the following cases: *Bass v. McMahon,* 499 F.3d 506, 511 (6th Cir. 2007) ("[O]rdering of a disability placard adds nothing to a finding of disability here because there is no evidence that the two have substantially similar requirements. . . ."); *Bryant v. Astrue*, 2010 WL 4628721, at *7 (D. Kan. Nov. 8, 2010) (treating physician's comment on application for a permanent disabled parking placard was not "so probative as to require discussion"); *Livingston v. Astrue*, 2010 WL 5851124, at *8 (S.D. Fla. Feb. 26, 2010) (failure to mention parking permit application was not

reversible error in part because such applications are "generally of little relevance to a formal disability analysis").

### c. Substantial evidence supports the ALJ's physical RFC assessment.

Plaintiff argues that on top of legal error, the RFC's physical assessment lacks substantial evidentiary support. She again points to Dr. Azadgoli's examinations and the MRI findings to argue that she could not perform medium work. Doc. 23, at 13. The ALJ imposed limitations to account for Plaintiff's severe impairments, including a reaching overhead restriction. To the extent Plaintiff contends the ALJ erred in weighing the evidence, the Court has no authority to reweigh it. *See Newbold*, 718 F.3d at 1265. This Court's task is not to reweigh the evidence, but to ensure the ALJ properly evaluated it. Substantial evidence supports the ALJ's RFC assessment.

## III. Conclusion.

Based on the above, the court affirms the Commissioner's decision.

**ENTERED** this 18th day of February, 2020.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE